**Elizabeth LIGHTFOOT et al., Plaintiffs,**

v.

**The DISTRICT OF COLUMBIA et al., Defendants.**

**Civ.A. No. 01–1484CKKJMF.**

United States District Court, District of Columbia.

Jan. 3, 2006.

Charles Francis Benedict McAleer, Jr., Duncan Norman Stevens, Miller & Chevalier, Chartered, Jeffrey S. Gutman, The George Washington University Law School, Kirk D. Williams, Law Offices of Kirk D. Williams, Washington, DC, for Plaintiffs.

Carol A. Connolly, Martha J. Mullen, Office of Corporation Counsel, Laura E. Jordan, Law Offices of Laura E. Jordan, P.C., Timothy P. Kilgore, Eccleston & Wolf, P.C., Washington, DC, Alfred Long Scanlan, Jr., Andrea Suzanne Marshall, S. Todd Willson, Eccleston and Wolf, P.C., Baltimore, MD, for Defendants.

### MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This case was referred to me by Judge Kollar–Kotelly for the establishment of deadlines and procedures for compliance with her September 24, 2004 order granting plaintiffs' motion for partial summary judgment. The following two motions are before me for resolution: (1) *Class Representative Jamal Rashad's Motion to Compel Reinstatement of Compensation Benefits* ("Mot. for Reinstatement") and (2) *Class Representative Jamal Rashad's Motion to Compel Discovery and Purported Class List* ("Mot. for Disc."). For the reasons stated herein, both motions will be denied.

## I. BACKGROUND

The plaintiffs in this case are members of a class of former District of Columbia employees whose disability compensation benefits were terminated, suspended, or reduced by the District of Columbia, its officials, and a third-party administrator (collectively "defendants" or "the District"). The plaintiffs brought this suit alleging, among other things, that (1) defendants' failure to adopt written and consistently applied standards, policies, and procedures governing the termination, suspension, and modification of their benefits violated the Due Process Clause of the Fifth Amendment to the Constitution; and (2) defendants' implicit adoption of unwritten practices regarding the termination, suspension, and modification of benefits without publishing notice in the District of Columbia Register and without an opportunity for public comment violated the District of Columbia Administrative Procedures Act ("DCAPA").

Jamal Rashad was one of the original named plaintiffs. On January 14, 2004, the class was certified under Rule 23(b)(2) and Rashad became one of five class representatives. On April 12, 2004, class counsel moved to withdraw as counsel for Rashad *in his capacity as class representative* due to irreconcilable differences regarding strategic litigation issues. Judge Kollar–Kotelly allowed class counsel's motion to withdraw as counsel for Rashad, but it is unclear whether he thereby lost his status as a class representative. Attorney Kirk Williams has since entered an appearance on behalf of Rashad, but has not sought certification as class counsel.

On August 4, 2003, plaintiffs moved for partial summary judgment. On September 24, 2004, Judge Kollar–Kotelly granted plaintiff's motion for partial summary judgment, finding that defendants' system of inadequate notice and insufficient process contravened both the fundamental guarantees of due process and the restrictions created by the DCAPA. *Lightfoot v. District of Columbia,* 339 F.Supp.2d 78, 96 (D.D.C.2004). In

granting partial summary judgment, the court ordered that the District promulgate fair and validly published benefit program rules and that plaintiffs' cash and medical disability compensation benefits be reinstated until individualized determinations could be made under validly promulgated rules. *Id.* The case was referred to me for the establishment of deadlines and procedures for compliance with Judge Kollar–Kotelly's September 24, 2004 order.

In furtherance of defendants' compliance with Judge Kollar–Kotelly's order, I ordered defendants to provide plaintiffs with the identity of all class members and verification of the last known address for each class member. On June 30, 2005, defendants provided such a list. However, there is a present dispute as to the completeness and accuracy of that list. Plaintiffs have filed a motion for an order requiring the issuance of notice to all class members identified by defendants on the June 30, 2005 list. That motion will not be addressed in this order. Its existence is nevertheless relevant to the resolution of Rashad's two present motions.

## II. DISCUSSION

Rashad moves the court to do two things: (1) order the reinstatement of his disability compensation benefits; and (2) order the District to provide him with a copy of the discovery responses it provided to class counsel, including a copy of the June 30, 2005 class list. After considering the guiding principles and rules governing class actions, as well as the present circumstances of this case, the court will deny both of Rashad's motions.

### A. Rashad's Motion to Compel Reinstatement of His Benefits

Rashad moves the court to compel the District to immediately reinstate his compensation benefits pursuant to the court's September 24, 2004 order. In support of his motion, Rashad simply states that his benefits should be reinstated because it is possible to do so. Mot. for Reinstatement at 1. Defendants object to Rashad's motion on two grounds: (1) defendants have moved Judge Kollar–Kotelly to stay the implementation of her September 24, 2004 order pending their appeal of that order, and (2) Rashad cannot seek individual relief independent of the class. *Defendants' Opposition to Jamal Rashad's Motion to Compel* at 1–2.

■ To date, defendants' motion for a stay has not been resolved. Accordingly, the implementation of Judge Kollar–Kotelly's September 24, 2004 order is not stayed and defendants cannot rely on the mere filing of that motion to prevent the reinstatement of plaintiffs' benefits. However, although implementation of Judge Kollar–Kotelly's order has not been stayed, the court will not allow Rashad to obtain relief independent of the class.

■ A primary purpose behind the establishment of class action lawsuits is to advance the efficiency and economy of multi-party litigation. *Chang v. United States*, 217 F.R.D. 262, 268 (D.D.C.2003) (citing *McCarthy v. Kleindienst*, 741 F.2d 1406, 1420 (D.C.Cir.1984)). "[T]he class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every class member to be litigated in an economical fashion under Rule 23." *Chang*, 217 F.R.D. at 268 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). The class in this case was certified under Rule 23(b)(2). Rule 23(b)(2) allows for class actions where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief *with respect to the class as a whole.*" Fed.R.Civ.P. 23(b)(2) (emphasis added). Accordingly, a class can be certified under Rule 23(b)(2) only after the court determines that the type of relief sought (*i.e.*, injunctive or declaratory relief) would apply to the class as a whole. Because the relief would apply equally to all Rule 23(b)(2) class members, individual class members are generally not permitted to opt-out of the class and pursue relief independently. *Eubanks v. Billington*, 110 F.3d 87, 92 (D.C.Cir.1997).

In essence, Rashad is trying to opt-out of the class and pursue relief independently. Allowing Rashad to pursue his relief independent of the class would create unnecessary and inappropriate inefficiencies. First, if the court were to allow Rashad's independent motion, the court would have to allow other class members to do the same. Instead of focusing on the establishment of a procedure for class-wide reinstatement of benefits, the court's and the parties' efforts would be diverted towards individual plaintiffs' concerns, thus delaying compliance with the September 24, 2004 order.

Moreover, Rashad makes no attempt to explain how his claims are unique from the claims of other class members so as to warrant addressing his claims separately from the class. To the contrary, Rashad's concerns will be adequately addressed by the court and the parties pursuant to the establishment of procedures for class-wide reinstatement of benefits. In fact, currently pending before the court is a motion filed by the class that wholly encompasses Rashad's motion. Specifically, the class has moved for an order requiring that notice be provided to and benefits be reinstated for the class members identified on the District's June 30, 2005 class member list. *See Plaintiffs' Motion for an Order Requiring Issuance of Notice to Individuals Listed on the June 30 Class List.* Resolving Rashad's motion and the class's motion separately would be duplicative and contrary to the fundamental purpose of class actions—judicial economy and efficiency. Accordingly, in order to promote efficient progress towards the establishment of procedures for the reinstatement of benefits to the class as a whole, the court will deny Rashad's motion to compel reinstatement of his individual benefits.

**B. Rashad's Motion to Compel Discovery**

■ Rashad also moves the court to order that the District provide him with copies of discovery responses served on class counsel and the June 30, 2005 purported class list. In support of this motion, Rashad argues that he is entitled to this information because he is a named party and a class representa-

tive and because Rule 5 requires that discovery responses be served on every party. Mot. for Disc. at 2; *Class Representative Jamal Rashad's Reply to Opposition to Motion to Compel Discovery* at 2. In response, both defendants and class counsel argue that, because Rashad's counsel is not class counsel, he is not able to compel discovery from defendants on behalf of the class. *Opposition to Jamal Rashad's Motion to Compel Discovery and Class Member List and Cross–Motion to Clarify Mr. Rashad's Status* ("Def.'s Opp'n") at 1–2; *Plaintiffs' Opposition to Jamal Rashad's Motion to Compel Service of Discovery and Response to Government Defendants' Motion to Clarify Mr. Rashad's Status* ("Class Counsel's Opp'n") at 2. Defendants also seek clarification of Rashad's status as a class representative, specifically, whether he remained a class representative after Judge Kollar–Kotelly granted class counsel's motion to withdraw. Def.'s Opp'n at 3. However, class counsel argues that it is not necessary for the court to clarify Rashad's status at this time because he is not entitled to the information that he seeks regardless. Class Counsel's Opp'n at 4. The court will exercise its discretion and deny Rashad's motion because allowing an individual class member's attorney to demand copies of discovery related documents at will would be contrary to the fair and efficient conduct of this class action.

■ Most importantly, Rashad's attorney is not class counsel. When a class action is certified, the court must appoint class counsel to represent the interests of the class as a whole. Fed.R.Civ.P. 23(g). The appointment of class counsel is central to the efficiency of class actions. While class members may retain their own counsel, such counsel represents the members in their individual capacity only. Class members should not be permitted to disrupt the proceedings, but rather, they must recognize the need for a unified effort on behalf of all members so that the litigation may proceed in an orderly fashion. Allowing individual class members' attorneys to demand copies of discovery related documents at will would disrupt the progress of the litigation, create unnecessary duplication, and place a heavy burden on both class counsel and opposing counsel.

The court has wide discretion in the management of class actions. Under Rule 23(d), the court the may issue appropriate orders to ensure the fair and efficient conduct of class actions. *See* Fed.R.Civ.P. 23(d). Specifically, the court may make appropriate orders including, but not limited to, "determining the course of proceedings or proscribing measures to prevent undue repetition or complication in the presentation of evidence or argument, ... imposing conditions on the representative parties or on intervenors, ... dealing with similar procedural matters." Fed.R.Civ.P. 23(d). As class counsel points out in its opposition, if individual class members were permitted to demand service of all discovery and related information, the burden on class counsel and opposing counsel would be crippling and the class action mechanism's central purpose of avoiding duplicative litigation would be defeated. Moreover, Rashad has made no attempt to explain why he needs the information sought, which, according to defendants and class counsel, includes personal information and information subject to protective orders. In the interests of efficiency and economy, this court will exercise its discretion and deny Rashad's motion to compel service of discovery and the June 30, 2005 class list.

Finally, the court finds that it is not necessary to clarify Rashad's status as class representative in order to rule on his motion, nor is it necessary to determine whether a class representative who is not represented by class counsel is entitled to service under Rule 5. As previously discussed, the court is exercising its discretion under Rule 23(d) to limit Rashad's access to the information he seeks. In exercising this discretion, it does not matter whether Rashad is a class representative or a regular class member. Moreover, Rule 5 expressly exempts the service requirement where the rules otherwise provide or where ordered by the court. Fed.R.Civ.P. 5(a) ("Except as otherwise provided in these rules, ... every paper relating to discovery required to be served upon a party unless the court otherwise orders ... shall be served on each of the parties.").

### III. CONCLUSION

For the foregoing reasons, Rashad's motion to compel reinstatement of his benefits and his motion to compel service of the District's discovery responses and the June 30, 2005 class list will both be denied.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is, hereby, **ORDERED** that

1. Defendants' *Motion to Enlarge Nunc Pro Tunc the Time in Which to Respond to Plaintiff's Motion to Compel* [# 251] is **GRANTED** *nunc pro tunc;* and it is **FURTHER ORDERED** that

2. *Plaintiffs' Amended Motion for Leave to File Surreply in Opposition to Jamal Rashad's Motion to Compel Service of Discovery* [# 265] is **GRANTED** *nunc pro tunc;* and it is **FURTHER ORDERED** that

3. *Class Representative Jamal Rashad's Motion to Compel Reinstatement of Compensation Benefits* [# 237] is **DENIED;** and it is **FURTHER ORDERED** that

4. *Class Representative Jamal Rashad's Motion to Compel Discovery and Purported Class List* [# 258] is **DENIED.**

**SO ORDERED.**